S. S. DRAKE, Appellant, v. A. U. STUART, Appellee.

1. **Limitation of Actions:** REVIVAL BY NEW PROMISE: WHO BOUND BY. Since an admission or new promise, in order to revive a cause of action which is barred by the statute of limitations, must be

"signed by the party to be charged thereby," a new promise signed by the maker of a note alone does not revive the debt as against a surety.

2. ——: ABSENCE OF DEBTOR FROM STATE: EVIDENCE. The absence of a debtor from the state for successive brief periods of time, for purposes of business, where there is no purpose to change the place of residence, does not constitute nonresidence, under section 2533 of the Code, providing that the time during which the debtor is a nonresident of the state shall not be included in computing the period of limitation.

*Appeal from Story District Court.*—HON. D. R. HINDMAN, Judge.

FRIDAY, JANUARY 27, 1893.

ACTION upon a promissory note. There was a trial by jury, resulting in a verdict and judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*Geo. W. Dyer*, for appellant.

*Geo. A. Underwood*, for appellee.

ROTHROCK, J.—I. The following is a copy of the note upon which the suit was brought:
"$700.          AMES, IOWA, September 1, 1877.

"Two years, after date, for value received, we, or either of us, promise to pay to the order of S. S. Drake seven hundred dollars, with interest, payable annually, at nine per cent. per annum.
"A. B. THOMAS.
"A. U. STUART, Surety."

The note became due September 4, 1879. This action was commenced on the twelfth day of February, 1891, more than ten years after it became due, and is barred by the statute of limitations, unless taken out of the operation of the statute for some of the causes provided by law.

1. LIMITATION of actions: revival by new promise: who bound by.

It appears that A. B. Thomas, the principal in the note, removed from this state to the state of Nebraska,

some time after the note was executed, and that he is still a nonresident of this state, being now a resident of the state of Oregon. After he left this state, he paid the interest on the note for several years, and in a series of letters written to the plaintiff, from the year 1882 to 1890, he admitted that the note was unpaid, and promised to pay the same. It is claimed by the appellant that these admissions are binding, not only on Thomas, but upon Stuart, the surety. The district court was of the opinion that this claim of the plaintiff was not well founded, and this is the only real question in the case.

Section 2539 of the Code is in these words: "Causes of action founded on contract are revived by an admission that the debt is unpaid, as well as by a new promise to pay the same; but such admission or new promise must be in writing, signed by the party to be charged thereby." The language employed in reference to the new promise is explicit. It is absolutely necessary that the admission or new promise must be "signed by the party to be charged thereby." The defendant did not sign any of the writings by which he is sought to be charged. This appears to us to be decisive of the question; and this is the rule by the great weight of authority, even under statutes of limitation providing that part payment will arrest the operation of the statute. See 13 Am. and Eng. Encyclopedia of Law, p. 762. In view of the express requirement of our statute that the party to be charged must sign the instrument, it is unnecessary to further consider the question.

II. It is provided by section 2533 of the Code that "the time during which a defendant is a non-resident of the state shall not be included in computing any of the periods of limitation above described." It is claimed that there was sufficient evidence introduced on the

2. ——: absence of debtor from state: evidence.

trial to authorize the jury to find that the defendant was a nonresident of the state for such length of time as would obviate the effect of the statute. The court was of a different opinion, and directed the jury to return a verdict for the defendant. This direction of the court was not erroneous. There was an entire failure to show by any evidence that the defendant has at any time since the note became due been a nonresident of this state. It is true he has been out of the state on business for brief periods of time, but with no purpose or intention of changing his residence.

We discover no error in the record, and the judgment is AFFIRMED.